# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF COLORADO
# The Honorable Michael E. Romero

| | |
|---|---|
| In re: | ) |
| | ) Case No. 12-15692 MER |
| RICARDO FELIX RIVERA, aka RICARDO | ) |
| FELIX, fdba AZTECA RANCH MARKET, | ) Chapter 7 |
| | ) |
| Debtor. | ) |
| | ) |
| | ) |
| AMERICAN PRODUCE, LLC | ) Adversary No. 12-1327 MER |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| RICARDO FELIX RIVERA, aka RICARDO | ) |
| FELIX, fdba AZTECA RANCH MARKET, | ) |
| | ) |
| Defendant. | ) |

**ORDER**

THIS MATTER comes before the Court on Defendant's Motion for Reconsideration and the Plaintiff's response.[1]

On December 11, 2012, the Court entered an Order denying the Defendant's Combined Motion to Set Aside Clerk's Entry of Default, Response to Plaintiff's Motion for Default Judgment, and Motion to Strike Complaint. In that Order, the Court declined to set aside the Clerk's entry of default in this proceeding, overruling the Defendant's argument that he had no obligation to respond to the Complaint because the Plaintiff had not filed the corporate ownership statement required by FED. R. BANKR. P. 7007.1. The Court stated:

> The Court agrees with the analysis set forth in *GE Money Bank v. McGraw (In re McGraw)*[2] where the Court pointed out the disclosure of corporate ownership required under FED. R. BANKR. P. 7007.1 was instituted, according to the Advisory Committee Notes, to allow judges

---

[1] The Plaintiff has filed a Motion to Strike the Defendant's Answer filed at the same time as the Motion for Reconsideration, which the Court need not address in light of this Order.

[2] 2007 WL 1076690, at *5 (Bankr. N.D. Ala. April 5, 2007) (not reported in B.R.).

to determine whether they had conflicts of interest requiring disqualification. The *McGraw* Court concluded the disclosure did not form a basis for the dismissal of a complaint, and this Court concludes nondisclosure does not constitute an excusable reason for failing to respond in any way to the Plaintiff's Complaint. Further, although the Defendant alleges his fresh start would be damaged, the Court notes the Complaint seeks the non-discharge of one of the Defendants debts, leaving him with a fresh start as to his other debts. Lastly, the Combined Motion fails to contain any description of a meritorious defense.[3]

The Defendant's Motion for Reconsideration asserts the correct standard for evaluating whether a default should be set aside is "good cause," not "excusable neglect" as argued by the Plaintiff. The Defendant urges the Court to consider: 1) whether his conduct was culpable; 2) whether the Plaintiff will be prejudiced by the setting aside of the default; and 3) whether the Defendant has a meritorious defense.[4] He further argues the corporate ownership statement is a mandatory requirement which cannot be waived. The Defendant asserts the lack of the statement subjects the Complaint to being stricken, and he is not culpable for failing to respond to it, because he had the right to believe the case was "dismissed and closed" for failure to file the statement.[5] Further, although the Defendant argues the Court does not need to address whether he has a meritorious defense, he nonetheless contends he has such a defense because he was not a controlling person of the corporations in question.

The Court agrees the *Hunt* case sets forth factors to be considered under Rule 55. The *Hunt* Court stated:

> Under Rule 55(c), good cause is required to be shown for the court to set aside an entry of default. FED. R. CIV. P. 55(c). The principal factors in determining whether a defendant has met the good cause standard are (1) whether the default was the result of culpable conduct of the defendant, (2) whether the plaintiff would be prejudiced if the default should be set aside, and (3) whether the defendant presented a meritorious defense. *In re Dierschke*, 975 F.2d 181, 183 (5th Cir. 1992). These factors are not "talismanic" and the court may consider other factors. *Id.* at 184. However, the court need not consider all the factors. If the default was the result of the

---

[3] Docket No. 19, Order of December 11, 2012, p. 3.

[4] The Defendant cites to *Hunt v. Ford Motor Co.*, 65 F.3d 178, *3 (10th Cir. Aug. 29, 1995) (unpublished decision).

[5] As noted in the December 11, 2012 Order, the adversary proceeding was closed due to clerical error, and the case was ordered reopened on October 29, 2012.

defendant's culpable conduct, the district court may refuse to set aside the default on that basis alone. *Id.* at 184; *Alan Neuman Productions, Inc. v. Albright*, 862 F.2d 1388 (9th Cir.1988), *cert. denied*, 493 U.S. 858, 110 S.Ct. 168, 107 L.Ed.2d 124 (1989). But cf. *Berthelsen v. Kane*, 907 F.2d 617 (6th Cir.1990); *Federal Deposit Ins. Corp. v. Franscisco Inv. Corp.*, 873 F.2d 474 (1st Cir.1989). Generally, a defendant's conduct is considered culpable if he has defaulted willfully or has no excuse for the default. *United States v. Timbers Preserve, Routt County, Colo.*, 999 F.2d 452, 454 (10th Cir. 1993); 6 James W. Moore, et al., Moore's Federal Practice, § 55.10 [1] at p. 55-74, n. 24 (2d ed. 1994); *see also*, *Meadows v. Dominican Republic*, 817 F.2d 517, 521 (9th Cir.), *cert. denied*, 484 U.S. 976, 108 S.Ct. 486, 487, 98 L.Ed.2d 485 (1987) (receiving actual notice of complaint and failing to respond is culpable conduct).[6]

In using the word "excusable" in its December 11, 2012 Order, the Court perhaps gave the inaccurate impression it was using an "excusable neglect" standard rather than a "good cause" standard to determine the Defendant's Combined Motion. However, in citing to the *GE Money Bank* case, the Court merely observed the Plaintiff's failure to file a corporate ownership statement did not mean the Defendant was not culpable for his lack of response to the Complaint. The additional statements regarding possible prejudice and failure to describe a meritorious defense further indicate the Court was relying upon the "good cause" standard set forth in Rule 55(c), using the factors contained in *Hunt*.

A party may seek relief from an order or judgment under FED. R. CIV. P. 59 or 60(b). The Tenth Circuit Court of Appeals has stated the following regarding such motions:

> The Federal Rules of Civil Procedure recognize no "motion for reconsideration." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991), *cert. denied*, 506 U.S. 828, 113 S.Ct. 89, 121 L.Ed.2d 51 (1992). Instead, this court construes such a filing in one of two ways. If the motion is filed within ten days of the district court's entry of judgment, the motion is treated as a motion to alter or amend the judgment under [FED. R. CIV. P.] 59(e). *Id.* Alternatively, if the motion is filed more than ten days after the entry of judgment, it is considered a motion seeking relief from the judgment under [FED. R. CIV. P.] 60(b). *Id.*[7]

---

[6] *Hunt*, at *3. *See also Morrow v. Bank of America*, 2013 WL 275534, at *2 (D. Colo. Jan. 24, 2013) (Slip Copy)(citing *Hunt*).

[7] *Hatfield v. Board of County Commissioners for Converse County*, 52 F.3d 858, 861 (10th Cir. 1995).

Fed. R. Civ. P. 59 and 60 apply to cases under the Bankruptcy Code pursuant to Fed. R. Bankr. P. 9023 and 9024. In this case, the Motion for Reconsideration was filed six days after the December 11, 2012 Order, making Rule 59(e) applicable. Fed. R. Civ. P. 59(a) sets forth the grounds for relief under Rule 59(e):

> (1) Grounds for New Trial. The court may, on motion, grant a new trial on all or some of the issues–and to any party–as follows:
>
> . . .
>
> (B) after a nonjury trial, for any reason for which a rehearing has heretofore been granted in a suit in equity in federal court.[8]

"Grounds warranting a motion to reconsider [under Rule 59(e)] include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice."[9] Rule 59(e) motions are appropriate where a court has misapprehended the facts, a party's position, or controlling law.[10] However, a Rule 59(e) motion "is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing."[11]

Here, the Defendant sets forth no change in law or new evidence. In addition, as noted above, the Court's December 11, 2012 Order relied on the standard cited by the Defendant, and also relied on a case with similar facts to support its finding the Plaintiff's failure to file a corporate ownership statement did not relieve the Defendant of culpability. In addition, while the Defendant now contends he could assert a meritorious defense, the Court finds this issue could have been raised in the Defendant's previous motion but was not. The Defendant has not shown any extraordinary circumstances which would have prevented him from addressing this issue in his previous pleadings.[12] Therefore,

---

[8] Fed. R. Civ. P. 59(a)(1)(B).

[9] *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (citing *Brumark Corp. v. Samson Resources Corp.*, 57 F.3d 941, 948 (10th Cir. 1995)).

[10] *See Paraclete*, 204 F.3d at 1012.

[11] *Id.* (citing *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991)).

[12] *See Servants of the Paraclete*, at 1012 ("Absent extraordinary circumstances, not present here, the basis for the second motion must not have been available at the time the first motion was filed.").

the Defendant has not set forth grounds under Rule 59(e) warranting a change in the Court's December 11, 2012 Order.

IT IS THEREFORE ORDERED the Motion for Reconsideration is hereby DENIED.

Dated February 15, 2013         BY THE COURT:

_____
Michael E. Romero
United States Bankruptcy Judge